FILED
June 19, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002718829

Total pages: 4

JAMES E. SALVEN
Chapter 7 Trustee
8427 N. Millbrook Ave., Ste. 101
Fresno, California 93720
(559) 230-1095

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In the Matter of

**Kathleen Verniest,**

Debtor(s).

Case No. 10-12156-B-7

DC No. JES-1

**MOTION FOR AUTHORIZATION TO SELL PERSONAL PROPERTY**

Date: July 28, 2010
Time: 10:00 a.m.
Dept: Department B

TO THE HONORABLE W. Richard Lee, UNITED STATES BANKRUPTCY JUDGE:

James Salven respectfully represents:

1. He is the duly appointed, qualified and acting trustee of the above-entitled estate.

2. The above-captioned case was filed under Chapter 7 on 03/02/10.

3. This Court has jurisdiction over this proceeding by virtue of 28 U.S.C. §1334(a). This is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4. Among the assets of this estate are the debtor's prepetition claims (and appeals) including, but not limited to claims made in the State Court Case (First District Court of Appeal # A-125929) of <u>Verniest v LeDonne</u>; claims against Daniel Gare, James Thompson, and Benjamin Gale in the State Court Case <u>Verniest v Gare</u> (CIV 093454-Marin County) as well as, the claim for distribution of $5,000 from the Loyal L. Polston Trust.

5. The trustee has obtained an offer from Daniel J. Gare, or nominee, to purchase said asset(s), for the sum of $30,000. Funds have been received and are on deposit with the estate.

6. The trustee has not agreed to pay commissions to any party in connection with the proposed sale.

7. The estate's interest, if any, is to be sold subject to liens and encumbrances of record, of which there are none known. Sale is also subject to higher and better bid. **Overbidding, if any, will commence at $35,000.**

8. To qualify for bidding, a potential bidder(as set forth in the Notice) must provide the trustee with certified funds on, or before July 21, 2010. Deposit funds, for the successful over bidder will become non-refundable on sale confirmation.

**9. Said offer is the best and highest offer received for** said property and, in the opinion of the trustee, said offer is for the full and fair market value of said property.

10. The trustee believes that confirmation of said sale on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

11.  The trustee believes that, based on the Statement of Decision, Minute Order, the Writ granted and the other papers filed in the court cases listed above, there is little or no probability of success on appeal or motion for reconsideration of the findings of the trial courts.

12.  The trustee believes that, given the extreme likelihood that he would not obtain reconsideration or prevail on appeal, the issue of the claims being collectible is moot. The trustee notes in passing on this issue that Betty LaDonne, the primary defendant in <u>Verniest v LeDonne</u>, has filed for fee waivers based on insolvency in that case.

13.  Based on the number of issues addressed in the aforementioned Statement of Decision, as well as the novelty of the debtor's cause of action and the complexity of anti-SLAPP issues raised in <u>Verniest v Gare</u>, the trustee believes that the expense, inconvenience and delay attendant to continued litigation far outweigh the minimal opportunity for recovery by the estate.

14.  The trustee, having received the debtor's filings and questioned the debtor at the meeting of creditor's, has not identified any unlisted claims having any value to the estate. Based on this review and the debtor's failure to list any claims having any value whatsoever, the trustee believe's that the debtor's unlisted claims have no good faith litigation value.

15.  The estate has no interest in pursuing these claims for all of the reasons stated above.

///

WHEREFORE, the trustee prays that after appropriate notice and
opportunity to be heard, he be authorized to sell the above-
described asset to the Loyal L. Polston Trust, or nominee.

DATED: 6/25/10                          _____
                                        JAMES E. SALVEN,
                                        Movant